BRYAN, Justice.
Joe F. Watkins, Patricia M. Smith, and RE/MAX Lake Martin Properties, LLC (hereinafter collectively referred to as “the plaintiffs”), sued Bear Brothers, Inc., ETC Lake Development, LLC (“ETC Lake”), and E.T. “Bud” Chambers, among others, in the Tallapoosa Circuit Court, asserting claims related to the construction and development of the Crowne Pointe condominium project on Lake Martin. ETC Lake and Chambers filed a cross-claim against Bear Brothers, seeking to recover losses suffered on the project as well as indemnification for the costs of litigating the plaintiffs’ action and any damages for which they might be found liable to the plaintiffs.
In January 2010, Bear Brothers moved the circuit court to compel arbitration of the cross-claim against it. The circuit court did not rule on that motion. Bear Brothers renewed its motion in July 2011, and the circuit court granted the motion to compel arbitration of the cross-claim in December 2011. Bear Brothers then moved the circuit court “to stay [the] proceedings [in the plaintiffs’ action] pending the outcome of a related arbitration” (i.e., the arbitration of the cross-claim). After a hearing, the circuit court denied the motion to stay.
Bear Brothers appealed the circuit court’s order denying the motion to stay to this Court; ETC Lake and Chambers have filed a motion to dismiss the appeal. Bear Brothers cites Rule 4(d), Ala. R.App. P., as the basis for the appeal. Rule 4(d) provides, in pertinent part, that “[a]n order granting or denying a motion to compel arbitration is appealable as a matter of right.” As ETC Lake and Chambers point out in their motion to dismiss the appeal, Rule 4(d) applies to rulings on motions to compel arbitration and “is not applicable to an order denying a request for continuance and/or stay.” We agree with ETC Lake and Chambers that Rule 4(d) will not support an appeal in this case.
Bear Brothers also cites Johnson v. Jefferson County Racing Association, Inc., 1 So.3d 960 (Ala.2008), as authority for its appeal of the denial of its motion to stay the proceedings in this case. However, Bear Brothers’ reliance on Johnson is misplaced. In Johnson, the circuit court granted a motion filed by the Jefferson County Racing Association, Inc.,- d/b/a The Birmingham Race Course (“JCRA”), to compel the arbitration of claims filed against it by Debra Johnson. After granting the motion to compel arbitration, the circuit court dismissed Johnson’s action against JCRA. Johnson filed a Rule 59(e), Ala. R. Civ. P., motion for postjudgment relief, arguing, among other things, that, instead of dismissing her action against JCRA, the circuit court should have stayed the action pending arbitration of the claims. The circuit court denied Johnson’s *336 postjudgment motion, and Johnson appealed.
In setting forth the standard of review to be applied to the circuit court’s denial of Johnson’s postjudgment motion, this Court stated in a footnote:
“We recognize that in other cases, this Court has applied a de novo standard of review; however, in those cases, this Court was reviewing a trial court’s denial of a party’s motion to stay, not reviewing a postjudgment motion in which a party, for the first time, asks the trial court for a stay. See Liberty Nat’l Life Ins. Co. v. Douglas, 826 So.2d 806, 809 (Ala.2002) (We review de novo a trial court’s denial of a motion to stay pending arbitration.’); Lee v. YES of Russellville, Inc., 784 So.2d 1022, 1025 (Ala.2000) (‘A trial court’s denial of a motion to stay proceedings pending arbitration is reviewable by direct appeal.... Our review of that decision is de novo.’).”
Johnson, 1 So.3d at 968 n. 10.
Bear Brothers cites the language from Lee v. YES of Russellville, Inc., 784 So.2d 1022 (Ala.2000), found in the footnote in Johnson as recognizing a right to appeal at this stage of the proceedings the circuit court’s denial of the motion to stay the plaintiffs’ action pending arbitration of the cross-claim. Seen in context, however, it is clear that this Court in Johnson did not address that issue or recognize any such right.
Moreover, the “motion to stay proceedings pending arbitration” at issue in Lee was actually a motion to compel arbitration that included a simultaneous request for a stay of the proceedings in the circuit court while the requested arbitration was pending. See Lee, 784 So.2d at 1023 (“The [circuit] court’s order denying Lee’s motion to compel mediation/arbitration made no specific findings of fact.”), and 784 So.2d at 1025 (“Lee ... moved to stay the proceedings pending mediation and arbitration .... YES and [Narendra] Sheth opposed that motion, arguing that they did not have a contract with Lee and that, therefore, they could not be required to submit to arbitration.”).
The motion at issue in this case, however, is a motion to stay related proceedings pending the arbitration of a cross-claim between codefendants and was filed separately from the initial motion to compel arbitration of the cross-claim and subsequent to the circuit court’s order granting the motion. Lee did not involve any such motion, and we decline to interpret this Court’s statement in Lee recognizing a general right to appeal rulings on motions to compel arbitration also seeking to stay the proceedings as providing a right in this case to appeal the denial of a separate motion to stay proceedings on the plaintiffs’ claims pending the arbitration of a cross-claim between codefendants. Thus, Bear Brothers has not demonstrated a right to appeal the denial of the motion to stay at this time, and the appeal is dismissed as being from a nonfinal judgment.
APPEAL DISMISSED.
STUART, BOLIN, and MURDOCK, JJ., concur.
MOORE, C.J., concurs specially.